**Cynthia M. MATHIS, Plaintiff–Appellant,**

v.

**CITY OF OAKLAND, a public entity; et al., Defendants–Appellees.**

No. 05–15369.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2007.*

Filed Feb. 16, 2007.

Steven M. McCarthy, Esq., Law Offices, Oakland, CA, for Plaintiff–Appellant.

Stephen Q. Rowell, City Hall, Kandis A. Westmore, Esq., Office of the City Attorney, Oakland, CA, for Defendants–Appellees.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Cynthia Mathis brought suit against the City of Oakland, the Oakland Police De-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

partment, and various Oakland police officers alleging various state and federal causes of action, including false arrest. On appeal from summary judgment, she argues that (1) her right to due process was violated when one of the officers, Officer Nash, did not verify the existence of the restraining order she had taken out against a neighbor after police were called to investigate a physical altercation between Mathis, her neighbor, and her neighbor's daughters, and (2) the magistrate judge erred in concluding that Officer Nash had probable cause to arrest her.

Mathis did not raise a due process claim before the district court. As a general rule, we "do[ ] not consider an issue not passed upon below." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995). We "may exercise discretion to review newly presented issues" under certain circumstances, *Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir.2006) (citing *United States v. Flores–Montano*, 424 F.3d 1044, 1047 (9th Cir.2005)), but Mathis has not shown that any such circumstances exist here.

We reject Mathis's second contention as well. At the time Nash placed Mathis under arrest, he knew the following: (1) the radio dispatch reported that during an altercation, Mathis had stabbed her neighbor's daughter; (2) when Nash arrived at the scene, he saw that alleged victim had a puncture wound above her eye and was crying; (3) the alleged victim and her mother told Nash that the alleged victim's wound had been caused by Mathis;(4) when Nash approached Mathis, he heard her say that she didn't mean to stab anyone and hoped "the girl" was okay; and (5) Mathis claimed to have a restraining order against the neighbor and her daughters.

These facts, viewed together, are more than sufficient to lead a reasonably prudent person to believe that Mathis assaulted the alleged victim. Thus, Nash had probable cause to arrest Mathis. Even if Nash had confirmed that Mathis had a restraining order against the alleged victim's mother, or the alleged victim herself, he nonetheless would have had probable cause, as the restraining order would not have given Mathis the right to stab the alleged victim with impunity. Accordingly, the magistrate judge properly granted partial summary judgment to defendants with respect to Mathis's unlawful arrest claim.

The judgment of the district court is **AFFIRMED.**